UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**Donald L. Green,**
    **Plaintiff,**

       vs.                      09-3226

**Michael Randle, et al.,**
    **Defendants.**

### MERIT REVIEW ORDER OF DISMISSAL

      The plaintiff is Donald L. Green, currently incarcerated at the Illinois River Correctional Center by the Illinois Department of Corrections. He names as defendants, Michael P Randle, Andrew K Ott, Lynn Dexheimer, Greg Beck, K. Jones, Doug Stevens and Jackie Miller. The plaintiff brings his lawsuits pursuant to 42 U. S. C. § 1983. A merit review of the plaintiff's complaint was held on December 11, 2009. The plaintiff claims that on January 2, 2008, he was transferred from Graham Correctional Center to Illinois River Correctional Center, a higher level facility, in retaliation for pending litigation against Graham CC, staff at Graham CC and the Director of IDOC. During the merit review, the court advised the plaintiff that he would be permitted to proceed on his claim. However, after a more thorough review of the plaintiff's filings, the court finds that the plaintiff cannot proceed because he failed to exhaust administrative remedies prior to bringing his lawsuit as required by 42 U.S.C. § 1997e(a).

Standard

      The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).[1]

      Pleading particular legal theories or particular facts is not required to state a claim. Fed. R. Civ. P. 8 (complaint need contain only a short, plain statement of the claim and the relief sought); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *citing Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.). The complaint need only give "a short and plaint statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

---

      [1]Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g).

*Leatherman v. Tarrant county Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)(citations and internal quotation marks omitted)(*cited by Dewalt*, 224 F.3d at 612; Fed. R. Civ. P. 8(a)(2).

The merit review standard is the same as a motion to dismiss standard. It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

Discussion and Conclusion[2]

The plaintiff alleges that on October 17, 2007, he inquired through his counselor, defendant K. Jones, whether he was eligible for a minimum transfer. The plaintiff submitted Exhibit 1, an October 17, 2007 Inmate Request form. In that Request form, the plaintiff noted that he was getting close to putting in for a transfer and that he was thinking of Robinson Correctional Center. The plaintiff wanted to know what his counselor thought his chances of being transferred to Robinson CC would be and what types of educational opportunities were offered there. On October 25, 2007, Jones responded to the plaintiff's request by informing him that he had been put in for a transfer to Robinson CC. On November 27, 2007, the defendant, Greg Beck, Clinical Services Supervisor at Graham CC, denied the plaintiff's transfer request and advised him that he was appropriately placed. Beck also advised the plaintiff that if he was interested in filing a grievance relative to the denial, he must direct his correspondence to the Administrative Review Board in care of the Coordinator of Inmate Issues in Springfield. Therefore, on November 28, 2007, the plaintiff submitted a grievance. In his grievance, he states that he was not requesting a transfer when he submitted the October 17, 2007 Inmate Request form, but was merely weighing his options and asking what type of education opportunities the facility [Robinson CC] had to offer. In his grievance, he also stated that the denial was a retaliatory move on the part of the transfer coordinator to deny him not only a transfer to another facility and an opportunity to further his education, but also because the plaintiff had pending litigation against the Graham CC and various staff members and the Director. For relief, he requested that he be transferred from the

---

[2]The plaintiff's grievance materials and other exhibits are attached to his "memorandum" [2].

Graham CC immediately to prevent further "retaliation" from staff or the transfer denial be rescinded so he could attempt to find another facility that offers and education . . . . He also wanted the Director or the ARB to provide a list of all the facilities that he would be eligible to be transferred to for educational purposes. The plaintiff did not advise this court that during the period between Jones's October 25, 2007 notice to him that he had been submitted for a transfer to Robinson CC and Beck's November 27, 2007 notice that the request for a transfer had been denied, that the plaintiff advised Jones that it was not his intention to ask for a transfer when he submitted the Inmate Request form and that he was merely weighing his options and there is nothing in the record that indicates that occurred. On February 11, 2008, the ARB denied the plaintiff's grievance.

Prior to the ARB's February 11, 2008 denial of the plaintiff's November 28, 2007 grievance, the plaintiff received a December 14, 2007 memorandum from Greg Beck advising the plaintiff that he was recently submitted for a transfer to Illinois River Correctional Center and that all necessary paperwork had been forwarded to the Transfer Coordinator's Office for the final decision. Beck also advised the plaintiff that he would be notified when a final decision was made. On December 24, 2007, the plaintiff spoke with Beck who advised him that he was directed from a higher authority to put the plaintiff in for a transfer. On December 26, 2007, Beck, as promised, in a memorandum advised the plaintiff that the Transfer Coordinator had approved him for a transfer to Illinois River Correctional Center. Beck also advised the plaintiff that he would be transferred as bed space became available as determined by the Transfer Coordinator's Office. Plaintiff was further advised that the decision was not made at the Graham Correctional Center level and staff at Graham CC could not project the time that Springfield would transfer him

The plaintiff's claim is that he was transferred from Graham Correctional Center to Illinois River Correctional Center, a higher level facility, in retaliation for his pending lawsuit(s) against Graham CC, staff members at Graham and against the Director. A review of his grievance shows that his grievance is not about a retaliatory transfer to Illinois River CC, but rather the denial of his request for a transfer to Robinson CC and/or the misinterpretation of his intentions in his Request form. Either way, the plaintiff had not been transferred to Illinois River CC, a higher facility, at the time he filed his grievance. Furthermore, he cannot complain from one side of his mouth that his request for a transfer to Robinson CC was denied in retaliation of pending litigation and at the same time say, from the other side of his mouth, that he was not requesting a transfer to Robinson CC, but was only making an inquiry; and then later on request a transfer from Graham CC to an unspecified facility because of what he perceived was retaliation and then when the request is granted, says it was due to retaliation for a pending lawsuit. The plaintiff received the request he asked for in his November 28, 2007 grievance. He asked for a transfer from Graham CC "immediately to prevent further "retaliation" from staff or the transfer denial be rescinded so he could attempt to find another facility that offers education . . . . Well, the plaintiff received his request for relief. On January 2, 2008, the plaintiff was transferred to Illinois River CC.

The plaintiff represented to this court that his grievance materials related to his claim were attached to his memorandum of law. The court has reviewed those documents and finds that his grievance is not related to a retaliatory transfer from Graham CC to Illinois River CC. Indeed, the plaintiff's November 28, 2007 grievance indicates that he was incarcerated at Graham CC when he

3

filed the grievance. He was not moved to Illinois River CC until January 2, 2008. Therefore, he would not have filed a grievance on November 28, 2007 about a "retaliatory" transfer to Illinois River on January 2, 2008. The plaintiff has not submitted any grievances that he filed related to his transfer to Illinois River Correctional Center. Therefore his claim that he was transferred from Graham CC to Illinois River CC in retaliation of pending lawsuits must be dismissed for failure to exhaust administration remedies prior to bringing this lawsuit. The Prison Litigation Reform Act requires an inmate to exhaust the available administrative remedies before filing a § 1983 lawsuit. 42 U.S.C. § 1997e(a)("[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted."); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *Perez v. Wisconsin Dept of Corrections*, 182 F.3d 532, 535-38 (7th Cir. 1999). Failure to exhaust administrative remedies is an affirmative defense, but as with any affirmative defense, dismissal on the pleadings for failure to exhaust is appropriate if it is "apparent from the complaint itself" and "unmistakable" that exhaustion did not occur. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002)("when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit)

Based on the foregoing:

1. Pursuant to 42 U.S.C. § 1997e(a), the plaintiff's entire lawsuit is dismissed in its entirety, without prejudice, for failure to exhaust administrative remedies prior to bringing his lawsuit. Any remaining matters are rendered moot.

2. Although his lawsuit is dismissed, the plaintiff is still obligated to pay the filing fee in full. *See* 28 U.S.C.A. § 1915(b)(1). The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the trust fund office. Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.

3. If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Enter this 21st day of December 2009.

**s\Harold A. Baker**
_____
Harold A. Baker
United States District Court